UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Citizens Bank of Massachusetts,<br>                        Plaintiff<br>    v.<br>Robert Louis Marrama,<br>                        Defendant | Adversary Proceeding<br>Docket Nos.  03-1443 AND<br>                 03-1148 |
| Robert Louis Marrama,<br>                        Appellant,<br>    v.<br>Citizens Bank of Massachusetts,<br>                        Appelee | BANKRUPTCY APPEAL<br>Docket No.:   04-12109-PBS |

**REPLY**
BRIEF FOR APPELLANT

FOR THE APPELLANT:
David G. Baker, Esq.
105 Union Wharf
Boston, MA  02109
617-367-4260
BBO# 634889

ARGUMENT

Introduction

In its reply brief, appellee Citizens Bank (or perhaps its counsel) continues its unfortunate practice of flinging mud at anyone that has a different opinion or point of view, or dares to oppose it. In its Statement of the Case, Citizens starts off by saying that Marrama's "so-called 'Statement of the Case' must be stricken and disregarded", and that *its* statement of the case is "truthful and accurate". That, of course, is a thinly veiled accusation that Marrama and his counsel are lying to this Court. Citizens also indicts Marrama's prior counsel, John F. Cullen, throughout its brief for allegedly conspiring with Marrama to receive transfers of money improperly. One would think by this time that Citizens would have some actual evidence to support its accusations[1], especially since the bank accounts from which the money was allegedly transferred were at Citizens Bank, itself. Surely Citizens can produce evidence from its own records! The fact that Marrama exercised his Fifth Amendment rights in response to Citizens' claims of criminal activity by Marrama did not deprive Citizens of any opportunity at all to obtain evidence, and Citizens did not show any prejudice to it.

In any event, Citizens' brief proves too much. The very fact that there are competing views of the facts means that the bankruptcy court erred in granting summary judgment.

A. Where a debtor's discharge is at issue, ALL facts are material

It is apodictic that summary judgment may not be granted where there is a genuine dispute regarding material facts. Fed.R.Civ.P. 56(c); *see also* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). What constitutes a genuine dispute and/or a material fact is necessarily case specific and fact intensive, and the judge does not determine the facts, but asks whether a reasonable jury could find for one party or the other, construing all inferences against the moving party. Id. The fact that Citizens wants this Court to strike or disregard Marrama's statement of the case is a clear indication that factual disputes exist, and summary judgment is inappropriate. Ultimately, where a debtor's discharge is at risk, there are no facts which are not material and where a constitutional privilege is under attack, every dispute must be considered genuine.

It is true that some facts are not disputed. However, Marrama disputes the following facts asserted by Citizens in its brief, in addition to the disputes stated previously:

---

[1] In saying this, Marrama's counsel certainly is aware that when sitting as an appellate court, this court does not take new evidence. The point of the statement is that Citizens did not have any evidence in support of the allegations when making the summary judgment motion in the first place, and is making the unsupported statement at this time solely to prejudice the appellant.

1. In footnote 5, Citizens alleges, parenthetically, that the payments to attorney John F. Cullen[2] were "not for legal services". That statements is not part of the undisputed facts or the answer. There is no evidence that the payments were for any purpose <u>other than</u> legal services.

2. On page 4, Citizens alleges that Marrama failed to disclose certain assets. As regards the Maine Property, this is disputed since the asset <u>was</u> properly disclosed on Schedule B because his ownership interest, by way of a beneficial interest in the trust, is personal property; what was omitted was the transfer, and there is no evidence whatsoever that the omission was anything other than inadvertent. The alleged transfer of cash to his girlfriend's account is also spurious because the money was deposited in a <u>joint</u> account and was the proceeds of a refinancing of the Maine Property; a refinancing is not the type of "transfer" which is required to be disclosed. As regards the alleged "transfers" to attorney Cullen, as noted above, there is no evidence that the payments were for any purpose other than legal services. There is no evidence that Marrama knew that he was entitled to a tax refund; thus the omission was not willful or fraudulent.

3. In footnote 12, Citizens misrepresents "debtor's counsel's claim that the non-disclosures were merely his 'scrivener's error'". As regards the tax refund, Marrama testified that he was <u>unaware</u> that he was entitled to a refund. Again, there is no evidence that the omission was knowing and fraudulent. The scrivener's error resulted from counsel's inadvertent omission of the transfer of the Maine property, not from any intentional omission by Marrama.

4. On page 6, Citizens misrepresents the facts regarding Marrama's appearance at meetings with the trustee held pursuant to 11 USC §341. While it is true that he missed a few meetings, the docket of this case reflects <u>no</u> motions by the trustee to compel Marrama's appearance at the meetings. Marrama cooperated as fully as possible with the trustee, and the trustee has not been hindered in the performance of his duties. It is also untrue that Marrama refused to appear for a Rule 2004 examination by the bank; he did, in fact, appear and a transcript of that examination was the subject of the motion to compel discovery filed against Citizens, and which was allowed by the bankruptcy court.

5. In footnote 15, Citizens continues to make statements as if they are facts, but without any evidentiary support. Citizens claims in this footnote that Marrama "drained RLM's assets and prevented the bank from conducting an audit of RLM's records …". The statement has no reference to any evidence supporting it. In fact, nothing could be further from the truth. RLM's assets were "drained", if at all, by Citizens, which took over the business and shut it down. Furthermore, Citizens seized all of RLM's records and computers, and – so far as Marrama knows – still has them. The fact that Citizens

---

[2] Attorney Cullen represented RLM Flooring and Marrama in the Superior Court matter.

has all of RLM's records but not come forth with any proof of its allegations speaks volumes; surely if any "smoking guns" were present, Citizens would trumpet them loudly from the top of its ivory tower.

All of these facts are material, and the bankruptcy court erred in drawing the inferences Citizens wished.  On a motion for summary judgment, all inferences must be drawn in favor of the <u>non-moving</u> party – in this case, Marrama – even if the non-moving party has asserted a Fifth Amendment privilege in response to discovery requests.  <u>Gannett v. Carp</u>, 340 F.3d 15 (1st Cir. 2003).  "The disallowance of a discharge … is strong medicine." <u>Id</u>.  Accordingly, all facts are material.  The bankruptcy court plainly erred, and must be reversed.

B.      <u>The assertion of the Fifth Amendment Privilege</u>

Citizens also asserts that Marrama refused to testify.  Again, nothing could be further from the truth.  Marrama testified, under oath, at numerous meetings held by the chapter 7 trustee, and Citizens was present at every one, usually by both its attorney <u>and</u> a bank officer.  Citizens had transcripts of those meetings, and in fact used them to support the summary judgment motion.  Marrama never asserted the Fifth Amendment privilege against the trustee, nor did he refuse to testify in open court.  The privilege was asserted only against Citizens, and then only because Citizens has persistently accused him of criminal behavior – accusations that have no factual basis whatsoever and were made solely for the purpose of harassment and intimidation.  Given that summary judgment was granted, Marrama never had an opportunity to testify in open court, nor did the bankruptcy court ever order him to testify in open court.  Marrama never had a chance[3].

The First Circuit has held that in a civil case, the assertion of the privilege must be balanced with the other party's right to a fair trial.  <u>Gannett v. Carp</u>, 340 F.3d 15 (1st Cir. 2003).  As noted above, Marrama testified under oath on numerous occasions at meetings with the Chapter 7 trustee.  Furthermore, Citizens has possession of all of the records of RLM Flooring – Marrama's business.  Lastly, all of Marrama's business and personal bank accounts were with Citizens, and Citizens obviously has access to its own records.  It was not unreasonable and did not result in any unfairness to Citizens for Marrama to assert, in response to Citizens' explicit charges of criminal conduct, the Fifth Amendment privilege against testifying.  Indeed, Citizens never identified any documents which it believed Marrama had (as opposed to RLM's documents and records in Citizens' possession) but which he refused to produce.  "Under these circumstances, we are at a loss to see how [Citizens'] rights were unfairly impugned." <u>Gannett</u>,

---

[3]  Nor, for that matter, did his counsel have a chance to determine whether the transcript of the Rule 2004 examination improperly withheld by Citizens would have made a difference since the bankruptcy court refused to continue the hearing.  *See* transcript of the hearing.

4

*supra*. See also <u>Serafino v. Hasbro, Inc</u>., 82 F.3d 515, 518 (1st Cir.1996) (emphasizing that courts must take special pains to ensure that the Fifth Amendment privilege is safeguarded).

C.	<u>Conclusion</u>

Given the existence of disputes over material facts; the fact that Marrama never refused to testify in open court or at meetings with the trustee; and that Citizens failed to show any prejudice to it from the assertion of the Fifth Amendment privilege, the bankruptcy court erred in granting summary judgment essentially as a penalty for assertion of the privilege.  Marrama was entitled to have <u>every</u> inference drawn in his favor, but the bankruptcy court refused to do so. The bankruptcy court should have investigated the basis of the appellant's exercise of his Fifth Amendment right.  Having failed to do so and having improperly drawn an inference adverse to Marrama based on that exercise, the bankruptcy court clearly erred and must be reversed, and the matter remanded for trial.

Dated:	December 17, 2004

>	Respectfully submitted,
>	Robert L. Marrama
>	By his attorney,
>
>	/s/	*David G. Baker*
>	David G. Baker, Esq.
>	105 Union Wharf
>	Boston, MA   02109
>	(617) 367-4260
>	BBO# 634889

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date below, he served the within Reply Brief for Appellant upon the counsel for the appellee by mailing a true copy to its counsel at the address given below.

Dated:	December 17, 2004

>	/s/	*David G. Baker*
>	David G. Baker, Esq.

Michael A. Wirtz, Esq.
Jack Mikels & Associates
1 Batterymarch Park, Suite 309
Quincy, MA   02269

5